IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

CHRISTINE GIBBONS,

  Plaintiff,

v.                                               Case No. 6:23cv00035

BETTY ANN GIBBS, IN HER OFFICIAL
CAPACITY AS SECRETARY OF THE
LYNCHBURG ELECTORAL BOARD, AND
IN HER PERSONAL CAPACITY; STEVEN
TROXEL, IN HIS OFFICIAL CAPACITY AS
VICE CHAIR OF THE LYNCHBURG
ELECTORAL BOARD, AND IN HIS
PERSONAL CAPACITY; AND THE
ELECTORAL BOARD OF THE CITY OF
LYNCHBURG,

  Defendants.

## MOTION TO QUASH

COME NOW Defendants the Electoral Board of the City of Lynchburg (the "Electoral Board"), Betty Ann Gibbs and Dr. Steven Troxel, by counsel, and respectfully move to quash, in part, certain subpoenas issued by Plaintiff in this matter. Defendants conferred with counsel for Plaintiff regarding the substance of this Motion and, having failed to resolve the matters at issue, now state as follows in support of this Motion:

### BACKGROUND

Plaintiff filed the Complaint (ECF No. 1) on June 26, 2023. The following day, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. (ECF Nos. 3 and 4.) On June 28, 2023, Plaintiff filed a Notice of Hearing, indicating her Motion would be heard on July 5, 2023. (ECF No. 5.) Later on June 28, the Court responded to Plaintiff's Notice, stating that a hearing would not take place on July 5, 2023, and directing Plaintiff to confer with

1

counsel for Defendants regarding scheduling a hearing.  (ECF No. 6.)  The following day, June 29, 2023, Plaintiff again requested a hearing on her Motion in the absence of defense counsel.  (ECF No. 8.)  On June 30, the Court issued a notice that it would conduct a conference call on July 5, 2023 for the purpose of scheduling a hearing on Plaintiff's motion for a temporary restraining order and preliminary injunction.  (ECF No. 9.)

During the July 5, 2023 conference call, the parties agreed to schedule a hearing regarding Plaintiff's Motion on August 3, 2023.  (ECF No. 15.)  The Court then issued an Order regarding the procedures the Parties should follow prior to the August 3, 2023 hearing.  (*Id.*)  Specifically, the Court ordered the Parties to submit a joint statement of undisputed facts and to identify witnesses and exhibits at least 48 hours prior to the August 3 hearing.  (*Id.*)

On July 20, 2023, the Electoral Board, Gibbs in her official capacity, and Troxel in his official capacity, moved to dismiss the Complaint against them.  (ECF Nos. 19 and 20.)  In addition, all Defendants filed a Brief in Opposition to Motion for Temporary Restraining Order and Preliminary Injunction.  (ECF No. 21.)  Gibbs and Troxel also filed Answers to the Complaint in their individuals capacities.  (ECF Nos. 17 and 18.)

Later on July 20, 2023, counsel for Plaintiff provided notice to undersigned counsel that he intends to serve witness subpoenas on six individuals to appear and testify at the August 3, 2023 hearing.  The six individuals are: Betty Ann Gibbs, Steven Troxel, Leila Lou Baldwin, Eric Harrison, Veronica Bratton, and Clara Belle Wheeler.[1]  In addition to their appearance at the hearing, however, the subpoenas purport to order each individual to produce, simultaneously with their appearance at the hearing, certain documents, as follows:

---

[1] Gibbs and Troxel accepted service of their subpoenas on July 21, 2023.  The status of service of the remaining four subpoenas is unknown to Defendants at this time.

> All correspondence, including e-mails and text messages, sent or received from September 1, 2020, to June 30, 2023, between you and any of the following individuals (other than yourself): Betty Gibbs, Steve Troxel, Dan Pense, Veronica Bratton, Eric Harrison, Leila Lou Baldwin, Clara Belle Wheeler, any member of the Lynchburg Republican City Committee, or any member of the Virginia Republican State Central Committee.

To date, the Parties have not conferred pursuant to Federal Rule of Civil Procedure 26(f), and they have not stipulated to conduct discovery. Nor has the Court issued a pretrial order or otherwise indicated that discovery in this action should begin.

## ARGUMENT

Rule 26(d)(1) of the Federal Rules of Civil Procedure governs the timing and sequence of discovery. Fed. R. Civ. P. 26(d)(1). The Rule states: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

In this case, the Parties have not conferred pursuant to Rule 26(f). Nor is this a case falling within the exemptions defined by Rule 26(a)(1)(B).[2] Similarly, the Court has not ordered discovery to begin, and no other exception to Rule 26(d)(1) applies. To the extent Plaintiff's subpoenas seek the production of documents, therefore, they are premature and should be quashed.

---

[2] Rule 26(a)(1)(B) exempts the following categories of proceedings: "(i) an action for review on an administrative record; (ii) a forfeiture action in rem arising from a federal statute; (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence; (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision; (v) an action to enforce or quash an administrative summons or subpoena; (vi) an action by the United States to recover benefit payments; (vii) an action by the United States to collect on a student loan guaranteed by the United States; (viii) a proceeding ancillary to a proceeding in another court; and (ix) an action to enforce an arbitration award."

Moreover, even were requests for the production of documents appropriate under the procedural posture of this action, Plaintiff's requests impose an undue burden on Gibbs and Troxel. Plaintiff seeks 3.5 years of correspondence between and among the subpoenaed witnesses, as well as between those witnesses and two entities. Plaintiff seeks the production of this expansive category of documents in just thirteen days, less than half the 30 days provided by Federal Rule of Civil Procedure 34. Plaintiff purports to impose this reduced response timeline while Defendants are diligently preparing for the August 3 hearing.

Plaintiff's subpoena, therefore, imposes an undue burden on Gibbs and Troxel under the procedural posture of this action, in which discovery has yet to begin. To the extent Plaintiff's subpoena seeks the production of documents, therefore, it should be quashed.

## CONCLUSION

To the extent Plaintiff's subpoenas, dated July 21, 2023 and directed to Gibbs, Troxel, Harrison, Bratton, Wheeler, and Baldwin seek the production of documents, those subpoenas should be quashed as premature because discovery has yet to begin in this matter.

**BETTY ANN GIBBS, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE LYNCHBURG ELECTORAL BOARD, AND IN HER PERSONAL CAPACITY; STEVEN TROXEL, IN HIS OFFICIAL CAPACITY AS VICE CHAIR OF THE LYNCHBURG ELECTORAL BOARD, AND IN HIS PERSONAL CAPACITY; AND THE ELECTORAL BOARD OF THE CITY OF LYNCHBURG**

By Counsel

  s/David P. Corrigan
David P. Corrigan (VSB No. 26341)
M. Scott Fisher, Jr. (VSB No. 78485)
Blaire O'Brien (VSB No. 83961)
Counsel for Betty Ann Gibbs, in her official capacity as Secretary of the Lynchburg Electoral Board, and in her personal capacity; Steven Troxel, in his official capacity as Vice Chair of the Lynchburg Electoral Board, and in his personal capacity; and The Electoral Board of the City of Lynchburg
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
sfisher@hccw.com
bobrien@hccw.com

## **C E R T I F I C A T E**

  I hereby certify that on the 24th day of July, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Stephen B. Pershing, VSB No. 31012
> Kalijarvi, Chuzi, Newman & Fitch, P.C.
> 818 Connecticutt Avenue, N.W.
> Suite 1000
> Washington, DC 20006
> 202-331-9260 - Phone
> spershing@kcnlaw.com

                <u>s/David P. Corrigan</u>
                David P. Corrigan (VSB No. 26341)
                M. Scott Fisher, Jr. (VSB No. 78485)
                Blaire O'Brien (VSB No. 83961)
                Counsel for Betty Ann Gibbs, in her official capacity as Secretary of the Lynchburg Electoral Board, and in her personal capacity; Steven Troxel, in his official capacity as Vice Chair of the Lynchburg Electoral Board, and in his personal capacity; and The Electoral Board of the City of Lynchburg
                Harman, Claytor, Corrigan & Wellman
                P.O. Box 70280
                Richmond, Virginia  23255
                804-747-5200 - Phone
                804-747-6085 - Fax
                dcorrigan@hccw.com
                sfisher@hccw.com
                bobrien@hccw.com