IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

CHRISTINE GIBBONS,

  Plaintiff,

v.                                                      Case No. 6:23cv00035

BETTY ANN GIBBS, IN HER OFFICIAL
CAPACITY AS SECRETARY OF THE
LYNCHBURG ELECTORAL BOARD, AND
IN HER PERSONAL CAPACITY; STEVEN
TROXEL, IN HIS OFFICIAL CAPACITY AS
VICE CHAIR OF THE LYNCHBURG
ELECTORAL BOARD, AND IN HIS
PERSONAL CAPACITY; AND THE
ELECTORAL BOARD OF THE CITY OF
LYNCHBURG,

  Defendants.

## BRIEF IN SUPPORT OF MOTION TO STAY

### I.    INTRODUCTION

Gibbons served as the General Registrar for the City of Lynchburg from 2018 until her term expired on June 30, 2023. Gibbons contends that she should have been appointed automatically to another term and that she was not appointed due to partisan politics. Gibbons sued the Lynchburg Electoral Board, Dr. Steven Troxel in his personal and official capacities, and Betty Ann Gibbs in her personal and official capacities.

On August 25, 2023, this Court granted in part and denied in part Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) based on Eleventh Amendment immunity. [ECF No. 55]. Specifically, the complaint against the Electoral Board was dismissed, but the official capacity claims against Troxel and Gibbs were not dismissed.

That same day, Troxel and Gibbs noticed an interlocutory appeal to the Fourth Circuit Court of Appeals based on the denial of Eleventh Amendment immunity as to the official capacity claims against them. [ECF No. 56]. As a result of this appeal, the Court no longer has jurisdiction over the official capacity claims. *Glover v. Hryniewich*, 438 F. Supp. 3d 625, 645 (E.D. Va. 2020), aff'd in part, appeal dismissed in part sub nom. *Glover v. City of Norfolk, Virginia*, 836 F. App'x 139 (4th Cir. 2020).

The personal capacity claims against Troxel and Gibbs remain before the Court. Those claims are subject to a pending Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. [ECF Nos. 49 and 50]. This Motion was filed after the Eastern District of Virginia's recent decision, holding that Eleventh Amendment immunity barred all claims against an electoral board and its members in both their personal and official capacities. *See Stewart v. Nottoway Cnty.*, No. 3:22-CV-635-HEH, 2023 WL 4849936 (E.D. Va. July 28, 2023). As such, Defendants ask that this Court render a decision on the Motion for Judgment on the Pleadings and then stay all proceedings.

## II.     LAW AND ARGUMENT

There is no dispute that the denial of Eleventh Amendment immunity as to the official capacity claims is subject to an immediate interlocutory appeal under the collateral order doctrine. *See e.g.*, *Indus. Servs. Grp., Inc. v. Dobson*, 68 F.4th 155, 162 (4th Cir. 2023); *Litman v. George Mason Univ.*, 186 F.3d 544, 548 (4th Cir. 1999). Thus, the filing of the interlocutory appeal immediately vested jurisdiction over these questions in the Fourth Circuit Court of Appeals, depriving this Court of subject matter jurisdiction over them at the same time. *See Eckert Int'l, Inc. v. Gov't of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D. Va. 1993) (filing of interlocutory appeal divested court of jurisdiction over issues raised in

appeal); *United States v. Modanlo*, 762 F.3d 403, 411 (4th Cir. 2014) ("[A] trial may not be conducted from the time that an interlocutory or collateral order appeal is properly taken until the court of appeals returns jurisdiction to the district court."); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Consequently, district courts frequently stay litigation pending resolution of sovereign immunity issues by appellate courts. *See Glover*, 438 F.Supp.3d at 645 (granting defendant's motion to stay pending appeal of the denial of sovereign immunity and explaining that "[t]he proposition that a sovereign immunity defense is both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation support that this case should not proceed while an interlocutory appeal on immunity is pending") (quoting *White v. Chapman*, No. 1:14CV848, 2015 WL 13021744, at *2 (E.D. Va. Apr. 29, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 672, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal quotations omitted)); *Pense v. Maryland Dept. of Public Safety,* No. PWG-17-1791, 2018 WL 11310926, at *1 (D. Md. July 26, 2018) (granting defendant's motion to stay pending appeal of the denial of sovereign immunity and explaining that "[a]lthough neither this Court nor the Fourth Circuit has examined whether an interlocutory appeal of an order denying sovereign immunity divests the district court from jurisdiction to proceed, other circuits have addressed a closely related issue in the context of an interlocutory appeal on the basis of qualified immunity" and that the "logic of the foregoing decisions supports the same outcome when the interlocutory appeal addresses sovereign immunity rather than qualified immunity") (collecting cases).

Here, there is no question that matters concerning the official capacity claims must be stayed pending the appeal. The issue, however, is that the personal capacity claims remain before the Court. Defendants' Motion for Judgment on the Pleadings has not been decided, but it too implicates Eleventh Amendment immunity. Specifically, Defendants have urged this Court to follow the decision in *Stewart v. Nottoway Cnty.*, No. 3:22-CV-635-HEH, 2023 WL 4849936 (E.D. Va. July 28, 2023). In that case, a former general registrar for Nottoway County sued the Nottoway County Electoral Board and its board members in their official and personal capacities, seeking reinstatement to the general registrar position. The Court in *Stewart* construed the personal capacity claims as official capacity clams and held that "the Eleventh Amendment bars any civil suit for damages against the current and former [Electoral] Board members." *Id.* at 7.

Last week, this Court declined to follow *Stewart* and held that the official capacity claims against Troxel and Gibbs are subject to the *Ex Parte Young* exception to Eleventh Amendment immunity. Assuming that this Court declines to follow *Stewart* with respect to the personal capacity claims, an appeal of that issue may also be taken. As such, it is prudent for this Court to Rule on the Motion for Judgment on the Pleadings and then stay further proceedings. Accordingly, this Motion should be granted.

### III.   CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants hereby request that this Court rule on the Motion for Judgment on the Pleadings and then stay all proceedings.

                                **BETTY ANN GIBBS, IN HER PERSONAL CAPACITY; STEVEN TROXEL, IN HIS PERSONAL CAPACITY**

                                By Counsel

/s/ David P. Corrigan
David P. Corrigan (VSB No. 26341)
M. Scott Fisher, Jr. (VSB No. 78485)
Counsel for Defendants
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
sfisher@hccw.com

## **C E R T I F I C A T E**

       I hereby certify that on the 28th day of August, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Stephen B. Pershing (VSB No. 31012)
        Kalijarvi, Chuzi, Newman & Fitch, P.C.
        818 Connecticutt Avenue, N.W.
        Suite 1000
        Washington, DC 20006
        202-331-9260 - Phone
        spershing@kcnlaw.com

/s/ David P. Corrigan
David P. Corrigan (VSB No. 26341)
M. Scott Fisher, Jr. (VSB No. 78485)
Counsel for Defendants
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
sfisher@hccw.com
